Rockland D. Johnson
**Name, Prisoner ID #**
419056

P.O. Box 220
**Address** Hominy, Ok. 74035

*FILED*

SEP 17 2004

Phil Lombardi, Clerk
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

Rockland D. Johnson Petitioner
(Full Name)

v.

Marty Sirmons , Respondent
(Name of Warden, Superintendent,
Jailor or authorized person having
custody of petitioner

**04CV 724 P (C)**

Case No._____
(To be supplied
by the Clerk)

**PETITION FOR A WRIT OF HABEAS CORPUS** PURSUANT TO 28 U.S.C. §2254 BY A PERSON IN STATE CUSTODY

NOTE:     If petitioner is attacking a judgment which imposed a sentence to be served in the **future**, petitioner must fill in the name of the state where the judgment of conviction **was** entered. If the petitioner has a sentence to be served in the **future** under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.

### CONVICTION UNDER ATTACK

1) Name and location of the court which entered the judgment of conviction under attack _Tulsa, County District Court; Tulsa, Okla._

2) Date judgment of conviction was entered _May 24, 2002_

3) Case number _CF-2001-4067_

4) Length and terms of sentence _Two consecutive life sentences_

5) Are you presently serving a sentence imposed for a conviction other than the conviction under attack in this motion?  Yes [ ]   No [X]

6) Nature of the offense involved (all counts) _Two (2) counts of First Degree Murder_

no fees
___ Drop Box ___ Mail   ___ No Cert Svc   ___ No Orig Sign ___ C/J ___ C/M3
___ C/Ret'd   ___ No Env ___ No Cpys   ___ No Env/Cpys ___ O/J ___

1

7)   What was your plea?  (check one)

    a) Not Guilty  [✓]  b) Guilty  [ ]  c) Nolo Contendere  [ ]

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _N/A_

    _____

    _____

8)   If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement: _N/A_

    _____

9)   Kind of trial (check one)
    a) Jury Trial  [✓]  b) Judge without a Jury  [ ]

10)   Did you testify at trial (if any)?  Yes [ ]   No [✓]

Direct Appeal

11)   Did you appeal the judgment of conviction?  Yes [✓]  No [ ]

12)   If you did appeal, state the name and location of the court where the appeal was filed, the result, the case number and the date of the court's decision (or attach a copy of the court's opinion or order) _Okla. Court of Criminal Appeals; Okla. City,_

    _Okla; Affirmed; F-2002-685; June 20, 2003:_

    _____

13)   If you did not appeal, explain briefly why you did not _N/A_

    _____

    _____

    a) Did you seek permission to file a late appeal? Yes [ ]        No [✓]

Post-conviction Proceedings

14)   Other than a Direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any court, state or federal?  Yes [✓]  No [ ]

15)   If your answer to 14 was "Yes", give the following information

    a)   First petition, application or motion.

    1)   Name of court _Tulsa County District Court_

    2)   Nature of proceeding _Post-Conviction / Habeas state_

    _____

    3)   Grounds raised _Same as raised in this Federal_
    _Habeas Petition._

    _____

4) Did you receive an evidentiary hearing on your petition, application or motion? Yes [ ] No [ ] ? Pending

5) Result _Pending_

6) Date of result _Pending_

7) Did you appeal the result to the highest state court having jurisdiction? Yes [ ] No [ ]. If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) _Pending. I will file notice of intent to Appeal within ten (10) days of receipt of unfavorable order and file Petition in Error with Brief in Support within thirty days of Order._

8) If you did not appeal, briefly explain why you did not _____ _Pending_

b) As to any second petition, application or motion.

1) Name of court _N/A_

2) Nature of proceeding _N/A_

3) Grounds raised _N/A_

4) Did you receive an evidentiary hearing on your petition, application or motion? Yes [ ] No [ ]

5) Result _N/A_

6) Date of result _N/A_

7) Did you appeal the result to the highest state court having jurisdiction? Yes [ ] No [ ]. If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) _N/A_

8) If you did not appeal, briefly explain why you did not _____ _N/A_

c) As to any third petition, application or motion.

1) Name of court _N/A_

2)    Nature of proceeding _N/A_____

3)    Grounds raised  _N/A_____

4)    Did you receive an evidentiary hearing on your petition, application or motion? Yes [ ] No [ ]

5)    Result  _N/A_____

6)    Date of result  _N/A_____

7)    Did you appeal the result to the highest state court having jurisdiction? Yes [ ]  No [ ]. If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) _N/A_____

_____

_____

8)    If you did not appeal, briefly explain why you did not _____
_N/A_____

16)    State **concisely** every ground on which you claim that you are being unlawfully held.  Summarize **briefly** the **facts** supporting each ground.  If necessary, you may attach up to two extra pages stating additional grounds or supporting facts.  You should raise in this petition all available grounds for relief which relate to the conviction under attack.

<u>CAUTION</u>

Before proceeding in a federal court, you are required to exhaust the remedies available to you in the state courts as to each ground on which you request action by the federal court.

A)(1)  **Ground One:** _Denied access to state Judicial forum for fair adjudication of independent Appellate counsel claim:_

(2)    Supporting facts : (Without citing legal authority or argument state briefly the facts which support your claim) _State court decisions deny Johnson access to valid state post conviction and state Habeas Court in violation of his guaranteed Fourteenth Amendment right to due process. See Brief in Support attached_

(3)    Stateme. of Exhaustion of State Remedies a_ (o Ground One:_____

_Claim pending in State Court_

### Direct Appeal

(a)    If you appealed from the judgment of conviction did you raise this issue? Yes [ ]   No [X]

(b)    If you did not raise this issue in your Direct appeal, explain briefly why you did not _Factual basis not ripe for review._

_Or. Ineffective Appellate Counsel_

### Post Conviction Proceedings

c)    Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court?   Yes [X]   No [ ].

(d)    If your answer to (c) is "Yes", state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision _Post-Conviction / habeas Corpus Petition filed in Tulsa County District Court under CF-2001-4067. Pending_

(e)    Did you receive an evidentiary hearing on your motion or petition? Yes [ ]   No [ ] _Pending. Requested Evidentiary Hearing in state court and Federal Court._

(f)    Did you appeal from the denial of your motion or petition? Yes [ ]   No [ ] _Pending. I will Appeal_

(g)    If your answer to (f) is "Yes", state whether this issue was raised in the appeal, Yes [ ]   No [ ], and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order) _Pending_

(h)    If your answer to questions (e), (f) or (g) is "No", briefly explain _State Collateral Petition Pending in state Court._

### Other Remedies

(I)    Describe all other procedures (such as habeas corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue _No remedy in state court_

B)(1)   **Ground Two:** First Direct Appeal not Adjudicated in accord with due process of law because I was denied constitutionally effective assistance of Appellate Counsel.

(2)   **Supporting facts :** (Without citing legal authority or argument state briefly the facts which support your claim) Appellate Counsel's performance was constitutionally deficient in omitting, and failing to seek remand to develop factual basis of claims. See Brief in Support attached at Ground two.

(3)   Statement of Exhaustion of State Remedies as to Ground One: Two _____

Direct Appeal

(a)   If you appealed from the judgment of conviction did you raise this issue? Yes [X]   No [ ]   Counsel omitted this Claim on Direct Appeal.

(b)   If you did not raise this issue in your Direct appeal, explain briefly why you did not Constitutionally deficient performance of Appellate Counsel

Post conviction Proceedings

c)   Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court?   Yes [X]   No [ ].

(d)   If your answer to (c) is "Yes", state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision Post-Conviction / Habeas Corpus ; Tulsa County District Court; CF-2001-4067, Pending.

(e)   Did you receive an evidentiary hearing on your motion or petition? Yes [ ]   No [ ]   Pending. Requested Hearing

(f)   Did you appeal from the denial of your motion or petition? Yes [ ]   No [ ]   I will

(g)   If your answer to (f) is "Yes", state whether this issue was raised in the appeal, Yes [ ]   No [ ], and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order) Pending

(h)    If your answer to questions (e), (f) or (g) is "No", briefly explain

_Pending_

Other Remedies

(I)    Describe all other procedures (such as habeas corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue _____

C)(1)  **Ground Three:**_____

(2)    Supporting facts : (Without citing legal authority or argument state briefly the facts which support your claim) _____

(3)    Statement of Exhaustion of State Remedies as to Ground One: Three _____

Direct Appeal

(a)    If you appealed from the judgment of conviction did you raise this issue?  Yes [ ]   No [ ].

(b)    If you did not raise this issue in your Direct appeal, explain briefly why you did not_____

Post-Conviction Proceedings

c)    Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court?   Yes [ ]   No [ ].

(d)    If your answer to (c) is "Yes", state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision

_____

_____

(e)    Did you receive an evidentiary hearing on your motion or petition? Yes [ ]   No [ ].

(f)    Did you appeal from the denial of our motion or petition? Yes [ ]   No [ ].

(g)    If your answer to (f) is "Yes", state whether this issue was raised in the appeal, Yes [ ]   No [ ], and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order) _____

_____

_____

(h)    If your answer to questions (e), (f) or (g) is "No", briefly explain.

_____

_____

Other Remedies

(I)    Describe all other procedures (such as habeas corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue____N/A_____

_____

_____

17)   Have all grounds for relief raised in this petition been presented to the highest state court having jurisdiction?   Yes [ ]   No [✓].   Pending

18)   If you have answered "No" to question 17, state which grounds have not been so presented and briefly give your reason(s) for not presenting them_None_____ Pending in State District Court_____

19)   If any of the grounds listed in this petition, were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them   N/A_____

_____

20)   Have you previously filed any type of petition, application or motion in a federal court regarding the conviction under attack?   Yes [ ]    No [✓] If "Yes", state the location of the court, the type of proceeding, the issues raised, the result and the

date of the court decision for each petition, application or motion filed _____

_____

21)   Do you have any petition, application, motion or appeal now pending in any court, either state or federal, regarding the conviction under attack? Yes [X]   No [ ].   If "Yes", state the name of the court, case file number (if known), and the nature of proceedings Tulsa County, D.C.; CF-2001-4067; P.C. / Habeas

_____

(a)   At preliminary hearing _____

_____

(b)   At arraignment and plea _____

_____

c)   At  trial _____

_____

(d)   At sentencing _____

_____

(e)   On appeal _____

_____

(f)   In any post-conviction proceeding Tulsa County CF-2001-4067, Post Convic. / Habeas App.

(g)   On appeal from any adverse ruling in a post-conviction proceeding

_____

23)   Were you sentenced on more than one count of an indictment or on more than one indictment, in the same court and at the same time? Yes [X]   No [ ].

24)   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack ? Yes [X] No [ ].  and no. Consecutive sentence

(a)   If so, give name and location of court which imposed sentence to be served in the future   Same Court consecutive sentence

(b)   And give date and length of service to be served in the future   Life

(c)   Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes [X]   No [ ].

## SECOND OR SUCCESSIVE APPLICATIONS

This court is required to dismiss any claim presented in a second or successive petition that the federal court of appeals has authorized to be filed unless the applicant shows that each claim satisfies the requirements of 28 U.S.C. §2244, as amended by Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No 104-132, §106, 110 Stat. 1214 (April 24, 1996). *Not applicable. Initial Collateral attack*

25)     If you are raising a claim which you have not presented in prior application have you obtained an order from the United States Court of Appeals for the Tenth Circuit authorizing this district court to consider the application?     Yes [ ]   No [✗]   (Please attach a copy of the order)

Wherefore, petitioner prays that the court grant him such relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

✓ _Roseland Johnson_
Original Signature of Petitioner

_____

_____

_____
(Attorney's full address and telephone number)

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct.  28 U.S.C. §1746. 18 U.S.C. §1621.

Executed at _P.O. Box 220 Hominy Ok._ on _09/16/04_ .
              (Location)                          (Date)

✓ _Roseland Johnson_
Original Signature

## GROUND ONE

THAT JOHNSON IS DENIED FAIR ADJUDICATION OF THE LEGALITY
OF HIS DETENTION UNDER THE CONSTITUTION AND LAWS OF THE
UNITED STATES BECAUSE THE OKLAHOMA COURTS DENY HIM ACCESS
TO A COURT THAT WOULD BE ABLE TO HEAR AND DETERMINE THE
SUBSTANTIVE MERITS OF HIS INDEPENDANT CONSTITUTIONAL CLAIM
THAT "JOHNSON'S FIRST DIRECT APPEAL OF RIGHT WAS NOT
ADJUDICATED IN ACCORD WITH DUE PROCESS OF LAW BECAUSE HE
WAS DENIED CONSTITUTIONALLY EFFECTIVE ASSISTANCE OF COUNSEL
FOR HIS DEFENSE ON DIRECT APPEAL IN VIOLATION OF HIS FOUR-
TEENTH AMENDMENT GUARANTEED RIGHT TO DUE PROCESS:

The Constitution was written by wise men who sought to pro-
tect the people from government harrassment and oppression who feared
alike the King and the King's Judges;  and that a failure to place a
due process requirement on the unbounded authority in any group of
politically elected Judges would unquestionably rneder our Nation a
government of men, and not a government of laws. The Constitutional
prohibition against the State's efforts to deprive a state prisoner
from access to a Federal Court's Habeas Corpus Jurisdiction is
grounded on the  Due Process Clause of the Fourteenth Amendment.  Ex
parte Hull 312 U.S. 546, 61 S.Ct. 640 (1941).  "It is fundamental that
access of prisoners to the Courts for the purpose of presenting their
complaints may not be denied or [obstructed]".  Johnson v. Avery 393
U.S. at 485, 89 S.Ct. at 849 (1969).

Johnson's argument that the State deny him fair adjudication of
the legality of his detention under the Constitution and Laws of the
United States involve his allegation that since under Oklahoma Law he
never had any right to raise his independant ineffective assistance of
Appellate Court claim in any State Judicial proceeding in the first
instance because it is both obvious and pre-ordained that Oklahoma
Courts will summarily dismiss Johnson's independant Appellate Counsel
dominated fundamental fairness constitutional claims on procedural
grounds previously determined by Federal Court to be inadequate to
preclude Federal Habeas Merti Review of his independant ineffective
assistance of Appellate Counsel claim,  the State has denied Johnson
Due Process of law because he never could have gotten Oklahoma Courts
to adjudicate the merits of his Murray v. Carrier 106 S.Ct. 2646,
Appellate Counsel Claim in the first instance.  Also see Smith v.
Murray 477 U.S. 535-536 (1986).   Under Oklahoma law Johnson is

denied Due Process of Law irregardless of whether he dominates his claim as Ineffective Assistance of Appellate Counsel,   dominates his Ineffectiveness claim as cause, or supplements his ineffectiveness claim with a colorable showing of actual innocence.

   The State Court decisions in Jones v. State 704 P.2d 1138-39, and its progeny McCracken 946 P.2d 676;  Neill 943 P.2d 148, provide that under Oklahoma law,  a petitioner who fails to raise a claim on his First Direct Appeal of Right and does not demonstrate sufficient reason for such a failure is barred from obtaining relief on that claim in any subsequent state collateral post-conviction / habeas proceeding. Miller v. champion 161 F.3d 1249 (10th Cir. 1998).  Also see State v. ex rel. Coats v. Hunter 580 P.2d 158, 159 (Okl.Cr. 1978) (the sole method of challenging a conviction is under the Post-Conviction Act); Berry hill v. State 43 P.2d 410, 412 (Okl.Cr.2000) ("Habeas Corpus is not a substitute for a direct appeal.  Challenges to the Judgment and Sentence must be made through post-conviction procedures in the pooper District Court).  Moreover,  the Oklahoma Supreme Court and the Okla-homa Court of Criminal Appeals' Procedural Court Rules' requirement that state prisoner's take an appeal from Order denying Habeas Relief filed in county of imprisonment,  [WHERE THE STATE PRISONER HAS NO RIGHT TO SEEK HABEAS RELIEF CHALLENGING JUDGMENT],  themselves prevent the exercise of State Habeas Original Jurisdiction conferred on the Oklahoma Supreme Court and the Oklahoma Court of Criminal Appeal by 12 O.S. sec. 1333.

   Under the language of 28 U.S.C. 2254(b)(3)(c),  a state petitioner "shall not be deemed to have exhausted the remedies available in the courts of the state,  within the meaning of this section,  if he has [THE RIGHT UNDER THE LAW OF THE STATE] to raise, by any available procedure,  the question presented".  Furthermore,  28 U.S-C. sec. 2254 (B)(1)(A~B) states that a prisoner's federal habeas petition "shall not be granted unless it appears that the applicant has exhaust-edthe remedies available in the courts of the state,  [or] that there is an absence of available state corrective process or the exiatance of circumstances rendering such process ineffective to protect the rights of the prisoner".

   Petitioner Johnson never could have gotten the merits of his Murray v. Carrier independant ineffective assistance of Appellate

counsel claims reviewed by the Oklahoma state courts absent a direct
appeal asserting such claims. While its true that Johnson took a
Direct Appeal from his convictions and sentences, because his appoint-
ed counsel's performance was constitutionally deficient in omitting
from his Brief on Direct Appeal fundamental fairness due process claims
that would have resulted in modification or reversal on Direct Appeal,
Johnson [NEVER HAD "THE RIGHT UNDER THE LAWS OF OKLAHOMA"] to argue
his independant ineffective assistance of Appellate Counsel Claim in
any state collateral proceeding. Just as it was futile to attempt
to force Appellate Counsel to raise fundamental fairness due process
& Equal Protection claims on his first Direct Appeal of right, it is
futile to attempt to force Oklahoma Courts to adjudicate the merits of
his claims in an initial post-conviction / habeas state process because
it is both obvious and pre-ordained that Oklahoma Courts will summarily
dismiss on procedural grounds. Mitchell v. State 934 P.2d 346. More-
over, there is still an "absence of state corrective process" because
Oklahoma Courts' refusal to entertain the substantive merits of Johnson's
Ineffectiveness Appellate Counsel claims under these circumstances
prove that Oklahoma Law is ineffective to protect Johnson's substantive
rights under the Constitution and Laws of the United States.

The Fourteenth Amendment, section 1, has long provided that "nor
shall any state deprive any person of his life, LIBERTY, or property
without due process of law". Section 5 of the Fourteenth Amendment
provides that "Congress shall have power to enforce, by appropriate
legislation, the provisions of this article". The Habeas Corpus Act
of 1867 was enacted by Congress pursuant to the power vested in Con-
gress by section 5 of the Fourteenth Amendment. The doctrines of
comity and procedural default simply have no application in the context
of Johnson's allegation that he is denied state process in violation of
the Fourteenth Amendment. Petitioner Johnson has a legitimate expecta-
tion that his Right of Access to the Habeas Corpus Jurisdiction, vested
in all Federal Courts by the Act of 1867, will be enforced pursuant
to the Fourteenth Amendment. Petitioner Johnson's right to counsel for
his defense, developed through the Due Process Clause of the Fifth
Amendment, Powell v. Ala. 287 U.S. 69, was not recognized under the
Sixth Amendment and enforced pursuant to the Fourteenth Amendment until

Gideon v. Wainwright 372 U.S. 335. Johnson's Fourteenth Amendment
Fundamental Fairness Due process right to enforcement of his 28 U.S.C.
sec. 2254 Federal Statutory right to fair adjudication of the legality
of his detention under the constitution and laws of the United States
effectively eliminate any requirement of an evidentiary hearing in
either state or federal court. The Supreme Court simply established
the principled rule that "THE FEDERAL CLAIM ALLEGED IN A STATE PETI-
TION MUST BE ASSUMED TO BE TRUE AND THAT THE STATE'S FOURTEENTH
AMENDMENT VIOLATION MUST BE HELD TO BE ESTABLISHED IF IT IS DETERMINED
THAT A STATE HAS DEPRIVED THE PETITIONER OF ACCESS TO A STATE COURT
THAT WOULD BE ABLE TO HEAR AND DETERMINE THE FEDERAL HABEAS CLAIM WHICH,
IF TRUE, WOULD ENTITLE THE STATE PRISONER TO FEDERAL HABEAS CORPUS
RELIEF". Williams v. Kaiser 323 U.S. 471, 65 S.Ct. 363 (1945). Bartone
v. U.S. 84 S.Ct. 21 (1963).

### GROUND TWO

THAT THROUGH NO FAULT OF HIS OWN, JOHNSON'S FIRST DIRECT
APPEAL OF RIGHT IN CF-01-4067 WAS NOT ADJUDICATED IN ACCORD
WITH DUE PROCESS OF LAW BECAUSE THE DENIAL OF JOHNSON'S
FOURTEENTH AMENDMENT GUARANTEED RIGHT TO CONSTITUTIONALLY
EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL CAUSED THE OMISSION
OF ENTIRELY VALID FIFTH & SIXTH AMENDMENT FUNDAMENTAL FAIRNESS
CONSTITUTIONAL CLAIMS ON DIRECT APPEAL:

In Evitts v. Lucey 469 U.S. 387, 105 S.Ct. 836 (1985), the
Supreme Court held that "A first Appeal of Right is not adjudicated
in accord with Due Process of Law if the appellant does not have the
effective assistance of an attorney". Although Strickland v. Washing-
ton 466 U.S. at 687, 104 S.Ct. at 2064 (1984), set forth the consti-
tutional standard for determining the effectiveness of Trial Counsel,
Federal Courts apply this same [two prong] standard in assessing the
effectiveness of Appellate Counsel. Smith v. Murray 477 U.S. 535-36,
106 S.Ct. 2661 (1986); U.S. v. Cook 45 F.3d 388 (10th Cir. 1995).
A defendant may establish cause for his procedural default of his
claims on Direct Appeal by showing that he received ineffective assis-
tance of counsel for his defense in violation of the Sixth and the
Fourteenth Amendment. Murray v. Carrier 106 S.Ct. 2639 (1986).

[A] Johnson's GROUND TWO (2) claim that his first Direct Appeal
of Right was not adjudicated in accord with due process of law first
involve his allegation that he was denied constitutionally effective

assistance of counsel for his defense because his Appellate counsel
omitted from Johnson's first Direct Appeal of Right his claim that
"TRIAL COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF
COUNSEL WHEN FAILING TO FILE MOTION SEEKING DISMISSAL OF CHARGES
BASED ON ALLEGATION THAT 21 O.S. sec. 11 and the DUE PROCESS CLAUSE
PRECLUDED THE STATE FROM HAILING JOHNSON INTO COURT TO ANSWER CHARGES".
Okla.Consti.Art. II, secs. 7,10, and 20; 22 O.S. sec. 504.1(B) and
sec. 508; 21 O.S. sec. 11. Blackledge v. Perry 417 U.S. 21, 94 S.Ct.
2098 (1974). Jackson v. Denno 84 S.Ct. 1786. Burks v. U.S. 98 S.Ct.
2141 (1978). Johnson request evidentiary hearing opportunity to
develop the factual basis of this allegation. Keeney v. Tamayo-Rayes
504 U.S. 1, 112 S.Ct. 1715 (1992).

[B] Johnson's GROUND TWO (2) claim that his first Direct Appeal
of Right was not adjudicated in accord with Due Process of Law also
involve his allegation that he was denied constitutionally effective
assistance of counsel for his defense because his Appellate counsel
omitted from Johnson's first Direct Appeal of Right his claim that
"TRIAL COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE WHEN
RAILING TO FILE MOTION SEEKING JURY DETERMINATION OF WHETHER [BOTH]
MINOR AND EATON WERE ACCOMPLICES AND SEEKING ACCOMPLICE INSTRUCTIONS".
Johnson request evidentiary hearing opportunity to develop the factual
basis of this allegation.

[C] Third, Johnson's GROUND TWO (2) claim involve his allegation
that he was denied constitutionally effective assistance of counsel
on hiis first Direct Appeal of Right because Johnson's plea of not
guilty at Trial being premised upon alibi defense, Appellate Counsel's
conceding guilt when raising accomplice claim on Appeal itself created
a conflict of interest. Osborn v. Shillinger 861 F.2d at 629 (10th
Cir.1988). Petitioner Johnson request an evidentiary hearing oppor-
tunity to develop the factual basis of this allegation. Cuyler v.
Sullivan 446 U.S. 335 (1980). [Failure to consult on Appeal proves
adverse affect].

[D] Finally, Johnson's GROUND TWO (2) claim involve his allega-
tion that he was denied constitutionally effective assistance of coun-
sel because counsel appointed him for his defnese on his first Direct
Appeal of Right rendered constitutionally ineffective assistance when
failing to file Appellate Rule 3.11 Motion seeking Remand for Eviden-

tiary Hearing for the purpose of developing factual basis of ineffec-
tive assistance of Trial Counsel claim. 22 O.S. Ch. 18, App.Rul. 3.11.
IN re Cannon 351 P.2d 756; Okla.Consti.Art. II, secs. 7,10, and 20.

WHEREFORE, the RELIEF SOUGHT herein is an Evidentiary Hearing
Opportunity in this Judicial Forum to develop the factual basis of
his allegations supporting his Ineffective Assistance of Appellate
Counsel claim.

Rockland Johnson             28 U.S.C. 1746
P.O. Box 220
Hominy, Okla. 74035


## A-F-F-I-D-A-V-I-T

All statements and allegations in support of my INeffectiveness of
Counsel claim are true and correct and sworn under penalty of perjury.

That unless the Court decide the substantive merits of my Federal
Habeas Claim I am denied access to a State Judicial Forum for fair
adjudication of the constitutionality of my detention under the
constitution and laws of the United State

Subscribed and Sworn to before me this _16th_ day of September 2004.

My comm. exp. _____ Notary _Norma Bullock_ .

NORMA BULLOCK
Osage County
Notary Public in and for
State of Oklahoma
Commission # 01006761 Expires 4/21/05