IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROCKLAND D. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 04-CV-724-JHP-PJC |
| ) | |
| MARTY SIRMONS, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. #5).[1] Petitioner, a state inmate appearing *pro se*, did not file a response to the motion to dismiss.

As a preliminary matter, the Court notes that prior to filing the motion to dismiss, Respondent filed a motion for extension of time to respond (Dkt. # 4). As Respondent subsequently filed the motion to dismiss and supporting brief, the Court finds the motion for extension of time to respond has been rendered moot.

### *BACKGROUND*

The record provided by Respondent indicates that Petitioner was convicted by a jury of two (2) counts of First Degree Murder in Tulsa County District Court, Case No. CF-2001-4067. He was

---

[1] In the motion to dismiss (Dkt. # 5), Respondent asserts that the petition should be dismissed as untimely under 28 U.S.C. § 2244(d). However, in his brief in support of the motion to dismiss (Dkt. # 6), Respondent argues that the petition should be dismissed for failure to exhaust state remedies. As the legal argument presented by Respondent in his brief concerns exhaustion, the Court assumes that the reference to the statute of limitations in the motion was a typographical error. Therefore, the focus of this analysis will be the exhaustion status of Petitioner's claims rather than whether the petition was timely filed under § 2244(d).

sentenced to life imprisonment on each count, with the sentences ordered to be served consecutively.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). He raised the following propositions of error:

1. The accomplice testimony was not corroborated, and the trial court's failure to instruct the jury that a witness who testified against Appellant was an accomplice whose testimony had to be corroborated, deprived Appellant of a fair trial;

2. The trial court erred by allowing highly prejudicial photographs to be admitted into evidence over objection; and

3. Appellant's sentence is excessive and should be modified to run concurrently, rather than consecutively.

See Dkt. #6, Ex. 1. By Order filed June 20, 2003, the OCCA rejected the claims and affirmed the judgments and sentences of the trial court. (Dkt. # 6, Ex. 1).

The record provided by Respondent also reflects that on September 20, 2004, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 6, Ex. 2. That application was denied on October 20, 2004, and Petitioner filed a notice of intent to appeal. Id.

On September 17, 2004, prior to filing his state application for post-conviction relief, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner raises two claims in his petition for writ of habeas corpus: (1) that he was "denied access to state judicial forum for fair adjudication of independent Appellate counsel claim," and (2) that his "first direct appeal not adjudicated in accord with due process of law because I was denied constitutionally effective assistance of appellate counsel." (Dkt. # 1). Petitioner indicates that both of his habeas claims were raised in an application for post-conviction relief that was pending in the state trial court.

In the brief in support of the motion to dismiss (Dkt. # 6) filed December 22, 2004, Respondent urges that this action must be dismissed because both of Petitioner's claims were first

raised in his application for post-conviction relief and that the appeal of the state district court's denial of his application for post-conviction relief remained pending in the OCCA.

## *ANALYSIS*

The Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." § 2254(b); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509 (1982). To exhaust a claim, a habeas corpus petitioner in custody pursuant to an Oklahoma state court judgment must have "fairly presented" that specific claim to the Oklahoma Court of Criminal Appeals. See Picard v. Conner, 404 U.S. 270, 275-76 (1971). The exhaustion requirement is based on the doctrine of comity. Coleman, 501 U.S. at 731. Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (*per curiam*).

With these considerations in mind, the Court finds that, in the instant case, Respondent's motion to dismiss for failure to exhaust available state remedies should be denied and Respondent should be directed to respond or otherwise plead to the claims raised in the petition. The Court agrees with Respondent that at the time the motion to dismiss was filed, Petitioner's claims were unexhausted. However, the Court takes judicial notice that on February 3, 2005, during the pendency of Respondent's motion to dismiss, the OCCA entered its order in No. PC-2004-1154 affirming the state district court's denial of Petitioner's application for post-conviction relief. See Docket Sheet for No. PC-2004-1154, viewed at www.oscn.net. Both Petitioner and Respondent

represent that the two (2) claims raised in the instant petition were raised in the application for post-conviction relief. See Dkt. #s 1 and 6. As the OCCA has entered its order affirming the denial of post-conviction relief, Petitioner has satisfied the exhaustion requirement as to his claims raised in the petition.

Therefore, the Court concludes Respondent's motion to dismiss for failure to exhaust state remedies should be denied and Respondent shall respond or otherwise plead to the claims raised in the petition.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion for extension of time (Dkt. # 4) is **declared moot**.

2. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 5) is **denied**.

3. Within thirty (30) days of the entry of this Order, Respondent shall respond or otherwise plead to the claims raised in the petition. Extensions of time will be granted for good cause only. See Rule 4, Rules Governing § 2254 Cases.

4. Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondents' response to the petition. If Respondent files a motion to dismiss, Petitioner has eighteen (18) days from the filing date of the motion to respond. Failure to respond may, after notice to Petitioner, result in the dismissal of this action. See LCvR7.1(e),(f).

SO ORDERED THIS 22nd day of August 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma

4