**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROCKLAND D. JOHNSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 04-CV-724-JHP-PJC** |
| | ) | |
| **MARTY SIRMONS,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 13), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 13, 14). Petitioner filed a reply (Dkt. # 15). For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

During the evening of March 21, 2001, Petitioner was in the parking lot of a restaurant with his friend, Erica Eaton. Kenneth Avery and Anthony Ussery came out of the restaurant and began harassing Petitioner by making derogatory remarks about Petitioner's street gang, the Neighborhood Crips. Avery and Ussery were members of a rival gang known as the Hoover 107. A fist fight ensued, which Petitioner lost. Later that evening, Petitioner obtained an assault rifle from another friend, then directed Ms. Eaton to drive him to an address where Avery and Ussery were sitting in a car parked in the driveway. Petitioner exited Ms. Eaton's car, approached the parked vehicle and began shooting. He got back in Ms. Eaton's car, disposed of the gun, and went home. Shortly thereafter, the police found the bodies of the two victims in the car where they had been murdered.

The record provided by Respondent indicates that Petitioner was charged, tried, and convicted by a jury of two (2) counts of First Degree Murder in Tulsa County District Court, Case No. CF-2001-4067. He was sentenced to life imprisonment on each count, with the sentences ordered to be served consecutively.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). He raised the following propositions of error:

1. The accomplice testimony was not corroborated, and the trial court's failure to instruct the jury that a witness who testified against Appellant was an accomplice whose testimony had to be corroborated, deprived Appellant of a fair trial;

2. The trial court erred by allowing highly prejudicial photographs to be admitted into evidence over objection; and

3. Appellant's sentence is excessive and should be modified to run concurrently, rather than consecutively.

See Dkt. # 13, Ex. 1. By Order filed June 20, 2003, the OCCA rejected the claims and affirmed the judgments and sentences of the trial court in an unpublished summary opinion (Dkt. # 13, Ex. 4).

The record also reflects that on September 20, 2004, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 13, Ex. 5. Appearing *pro se*, Petitioner raised two grounds of error:

Ground 1: State court decisions deny Johnson access to a state judicial forum that would be able to hear and determine merits of his independent ineffectiveness of Appellate counsel dominated claim(s) in violation of his Fourteenth Amendment guaranteed rights.

Ground 2: That my first direct appeal of right was not adjudicated in accord with due process at law because I was denied constitutionally effective assistance of counsel on direct appeal in violation of my guaranteed Fourteenth Amendment rights.

2

Id. That application was denied on October 20, 2004 (Dkt. # 13, Ex. 6).  Petitioner appealed (Dkt. # 13, Ex. 7). In his appellate brief, Petitioner provided the OCCA with the exact arguments and authorities that he has attached to the habeas petition currently under consideration. Compare Dkt. # 13, Ex. 6 at 9-14 with Dkt. # 1 at 11-16. The OCCA affirmed the district court's denial of post-conviction relief by Order filed February 3, 2005, in Case No. PC-2004-1154 (Dkt. # 13, Ex. 7).

On September 17, 2004, prior to filing his state application for post-conviction relief, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1).  Petitioner raises the same two[1] claims in his petition for writ of habeas corpus that he raised in post-conviction proceedings: (1) that he was "denied access to state judicial forum for fair adjudication of independent Appellate counsel claim," and (2) that his "first direct appeal not adjudicated in accord with due process of law because I was denied constitutionally effective assistance of appellate counsel." See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner's claims are either not cognizable in these proceedings, or do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 13.

## *ANALYSIS*

### A.    **Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement is satisfied in this case because Petitioner's claims were fairly presented to the OCCA on post-conviction appeal.  In

---

[1]      As in the post-conviction appeal, the second claim contains four (4) sub-parts alleging ineffective assistance of appellate counsel.

addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  In this case, the OCCA adjudicated Petitioner's claims in post-conviction proceedings.  Therefore, to the extent Petitioner's claims are cognizable, those claims shall be reviewed pursuant to § 2254(d).

**1.     Challenge to Oklahoma's post-conviction procedures is not cognizable**

As his first ground of error, Petitioner alleges that his constitutional right to due process has been violated because Oklahoma courts deny him access to litigate his ineffective assistance of

appellate counsel claims[2] (Dkt. # 1).  Petitioner appears to be complaining that in Oklahoma, a prisoner is, in effect, precluded from receiving appellate review of any claim not raised on direct appeal, including ineffective assistance of appellate counsel claims. The OCCA addressed this issue and found:

> Petitioner also asserts in this post-conviction appeal that Oklahoma does not provide a procedure for reviewing the merits of a claim of ineffective assistance of appellate counsel. Petitioner's argument is baseless. This Court has recognized that a defendant's first application for post-conviction relief is a proper forum for raising a claim of ineffective assistance of appellate counsel. Petitioner fails to explain how this State's post-conviction procedure is somehow constitutionally inadequate for litigating a claim of ineffective assistance of appellate counsel. In Petitioner's own case, the District Court examined the merits of Petitioner's ineffective assistance claims and found them to be lacking merit. Contrary to Petitioner's assertions, the District Court did not dismiss Petitioner's ineffective assistance claim based on any waiver or other procedural ground.

See Dkt. # 13, Ex. 7 at 4-5. Despite the OCCA's pointed observation that Petitioner had received a review on the merits of his ineffective assistance of counsel claims in his post-conviction proceedings, he has raised the exact same claim in this habeas proceeding.

Notwithstanding the disingenuous nature of the claim, Petitioner's challenge to the post-conviction procedures provided in Oklahoma is not cognizable on federal habeas corpus review. The Tenth Circuit Court of Appeals has consistently ruled that challenges to state post-conviction procedures do not rise to the level of federal constitutional claims cognizable on habeas corpus review. See Phillips v. Ferguson, 182 F.3d 769, 773-74 (10th Cir. 1999); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (when petitioner asserts no constitutional trial error, but only error in

---

[2]     Contrary to Petitioner's claim that Oklahoma provides no access for challenging the effectiveness of appellate counsel, Petitioner raised these claims in his post-conviction appeal proceedings where they were denied on the merits by the district court and the OCCA.

the state post-conviction procedure, no relief can be granted in federal habeas corpus); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993). As a result, Petitioner's ground one claim challenging the constitutionality of Oklahoma's post-conviction procedures because they allegedly do not allow him to obtain review of his ineffective assistance of appellate counsel claims is not cognizable in this federal habeas corpus and shall be denied on that basis.

      2.      **Ineffective assistance of appellate counsel**

In ground two, Petitioner claims his appellate counsel was constitutionally ineffective for the following reasons:

a)      Appellate counsel omitted a direct appeal claim that "trial counsel rendered constitutionally ineffective assistance of counsel when failing to file a motion seeking dismissal of charges based on an allegation that 21 O.S. sec. 11 and the Due Process Clause precluded the State from hailing Johnson into court to answer charges."

b)      Appellate counsel omitted a direct appeal claim that "trial counsel rendered constitutionally ineffective assistance of counsel when railing [sic] to file motion seeking jury determination of whether [both] Minor and Eaton were accomplices and seeking accomplice instructions."

c)      Because Johnson's pleas of not guilty at trial "being premised upon alibi defense, Appellate Counsel's conceding guilt when raising accomplice claim on Appeal itself created a conflict of interest."

d)      Appellate counsel failed "to file Appellate Rule 3.11 Motion seeking Remand for Evidentiary Hearing for the purpose of developing factual basis of ineffective assistance of Trial Counsel claim."

See Dkt. #1. The OCCA rejected these claims of ineffective assistance of appellate counsel on post-conviction appeal, finding that Petitioner did not establish his counsel's performance was deficient under the standards enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Dkt. #13, Ex. 7 at 2. The OCCA ruled as follows:

[i]n this appeal, Petitioner has not shown that any reversible error occurred in the District Court's denial of post-conviction relief. "[T]he burden is on the defendant to demonstrate both deficient performance and resulting prejudice." *Carter v. State*, 1997 OK CR 22, ¶ 10, 936 P.2d 342, 346. Petitioner's pleadings fall short of meeting this burden. His Application merely asserted that there were four things that his appellate counsel did or did not do on appeal. The Application set out those four things as items "A" through "D" as quoted above. His Application stopped there. Petitioner offered nothing to prove that the acts or omissions of which he accused his appellate counsel actually occurred in the course of the appeal. Moreover, the Application did not demonstrate that there was a factual basis in the record raising Petitioner's current issues on appeal, or that there was any factual basis for a finding that reasonably competent assistance would have required an attorney follow Petitioner's proposed appeal strategy.

Petitioner's Application also failed to demonstrate that there was legal precedent for his claims. The Application's string cites that followed each identified act or omission that Petitioner asserted against his appellate counsel were an inadequate substitute for argument explaining the legal basis for Petitioner's claims. Lastly, the Application made no effort to prove that his attorney's chosen appeal strategy was below that required for reasonably effective assistance or to prove that such strategy resulted in prejudice to Petitioner on appeal.

Id. at 3-4. After analyzing the claim under the Strickland standard, the OCCA went on to cite

Hooper v. State, 957 P.2d 120, 124 (Okla. Crim. App. 1998) for the added requirement that "[a]s

we have held many times, failure to raise even a meritorious claim does not, in itself, constitute

deficient performance." See Dkt. # 13, Ex. 7 at 4. That legal premise deviates from the controlling

federal standard. See Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003). As a result, the

OCCA's analysis of Petitioner's ground two claim of ineffective assistance of appellate counsel is

not entitled to deference on federal habeas corpus review. Id. at 1205; Malicoat v. Mullin, 426 F.3d

1241, 1248 (10th Cir. 2005). Therefore, this Court will conduct a *de novo* review of Petitioner's four

sub-issues of ineffective assistance of appellate counsel.

In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the

Strickland two-pronged standard used for claims of ineffective assistance of trial counsel. See

United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). To establish ineffective assistance of counsel a petitioner must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A petitioner can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct

8

appeal was deficient and prejudicial.  <u>Hawkins</u>, 185 F.3d at 1152; <u>see</u> <u>also</u> <u>Cook</u>, 45 F.3d at 394.

More particularly, "the relevant questions are whether appellate counsel was 'objectively

unreasonable' in failing to raise these . . . claims on direct appeal and, if so, whether there is a

'reasonable probability that, but for his counsel's unreasonable failure' to raise these claims,

[Petitioner] 'would have prevailed on his appeal.'" <u>Neill v. Gibson</u>, 278 F.3d 1044, 1057 (10th Cir.

2001) (quoting <u>Smith v. Robbins</u>, 528 U.S. 259, 285-86 (2000)).

> ### a)       *Motion to dismiss*

For his first claim of ineffective assistance of appellate counsel, Petitioner argues that his

appellate attorney omitted a claim that his trial counsel should have filed a motion to dismiss charges

under Okla. Stat. tit. 21, § 11(A).  Although not entirely clear from the petition and brief in support,

it appears that Petitioner believes he was subjected to double punishment and/or double jeopardy

because he was charged and found guilty of two counts of murder which arose out of the same act.

Respondent argues that Petitioner was not subject to double punishment or double jeopardy because

his convictions arose from two distinct acts.

Section 11(A) provides that an act or omission which is made punishable in different ways

by different provisions may be punishable under any of such provisions, but in no case can it be

punished under more than one section of law. Further, an acquittal or conviction and sentence under

one section of law bars the prosecution for the same act or omission under any other section of law.

<u>See</u> Okla. Stat. tit. 21, § 11(A). The OCCA consistently applies the "same elements" or Blockburger

test,[3] which states that "where the same act or transaction constitutes a violation of two distinct

---

[3]       "In cases of multiple punishment in a single trial, this Court utilizes the 'same evidence' test
(whether each offense contains an element not contained in the other)." <u>Mooney v. State</u>, 990
P.2d 875, 883 (Okla. Crim. App. 1999) (citation omitted).

statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932); see also United States v. Dixon, 509 U.S. 688, 696 (1993). The Tenth Circuit has confirmed that the Blockberger "same elements" test can be applied to facts where crimes, even though part of the same general transaction, will constitute separate and distinct crimes when directed at separate and distinct persons. Steele v. Young, 11 F.3d 1518, 1523 (10th Cir. 1993) (citing the Oklahoma case of Jennings v. State, 506 P.2d 931, 935 (Okla. Crim. App. 1973)).

In Petitioner's case, the convictions on two separate murder charges required proof of separate facts as to the two victims. Because there were two victims, notwithstanding that both were assaulted in a continuing incident between Petitioner and the two victims, there is no double punishment issue. See Clay v. State, 593 P.2d 509, 510 (Okla. Crim. App. 1979) (holding that offenses committed against different individual victims are not the same for double jeopardy or double punishment purposes even though they arise from the same episode or transaction), *overruled in part on other grounds,* Davis v. State, 993 P.2d 124, 126 (Okla. Crim. App. 1999). Petitioner's murder of two separate individuals would constitute separate crimes under Oklahoma law and the his multiple convictions did not violate Section 11(A).

Similarly, the two convictions do not support a double jeopardy claim. See e.g. Mansfield v. Champion, 992 F.2d 1098, 1101 (10th Cir. 1993) (two individuals robbed of separately owned property during one incident did not create double jeopardy problem). A violation of Oklahoma's statutory prohibition against double punishment is not implicated in this case. Nor has there been a violation of Petitioner's federal rights against double jeopardy. Petitioner would not have been

10

entitled to dismissal of one of the murder charges under Okla. Stat. tit. 21, § 11(A), or under a double jeopardy theory even if his trial counsel had pursued a motion to dismiss on those grounds. Accordingly, his appellate counsel was not ineffective for failing to raise this claim on direct appeal.

In his reply, Petitioner changes his argument to a challenge of the assessment of consecutive sentences. See Dkt. # 15 at 7. However, neither the petition (Dkt. # 1) nor the application for post-conviction relief (Dkt. # 13, Ex. 6) references the consecutive sentences. Petitioner specifically states in the petition that his counsel was ineffective for failing to file a motion seeking dismissal of charges, not dismissal of a consecutive sentence. Nonetheless, the imposition of consecutive sentences for two separate crimes does not violate Oklahoma's prohibition against double punishment nor does it offend the Double Jeopardy Clause in the Fifth Amendment to the United States Constitution. See Nolan v. United States, 423 F.2d 1031, 1047 (10th Cir. 1969).

Petitioner is not entitled to habeas corpus relief on this ground.

### b)      *Issues regarding accomplices*

In the second part of his ineffective assistance of appellate counsel claim, Petitioner contends that his appellate counsel should have raised an ineffective assistance of trial counsel claim for failing to file a motion requiring a determination whether witnesses Chauncy Minor and Erica Eaton were accomplices. Arguing that they were accomplices, Petitioner believes his constitutional rights were violated because an accomplice instruction was not given to the jury. While not couched in

terms of ineffective assistance of counsel, the underlying issue regarding accomplice testimony was raised on direct appeal[4] and rejected by the OCCA, as follows:

> [w]ith respect to proposition one, we find little, if any, evidence supporting the claim that Erica Eaton was an accomplice, even as an aider and abettor. Assuming, *arguendo*, this matter should have been submitted to the jury *sua sponte* for determination, any possible error was harmless, as Eaton's testimony was sufficiently corroborated.

See Dkt. # 13, Ex. 3 at 2. Upon review of the record, the Court agrees with the OCCA that the underlying issue lacks merit. Accordingly, trial counsel was not ineffective for failing to challenge the lack of an accomplice instruction. Appellate counsel's failure to raise a meritless issue was not constitutionally deficient under Strickland. Petitioner is not entitled to habeas relief on this ground.

### c) *Appellate counsel's conflict of interest*

Petitioner next complains that when appellate counsel raised on direct appeal the issue of failure to give an accomplice instruction, the attorney conceded Petitioner's guilt. He asserts that his appellate counsel created a conflict of interest when he raised the accomplice instruction issue because Petitioner's defense at trial was based on his alibi that he was at home when the crimes were committed. As noted above, direct appeal counsel raised an issue that the trial court erred by not giving an accomplice instruction. Petitioner argued in ground 2(b) that appellate counsel should have raised an ineffective assistance of trial counsel claim because trial counsel did not ask for an

---

[4]   The first proposition of error raised on direct appeal stated: "The accomplice testimony was not corroborated, and the trial court's failure to instruct the jury that a witness who testified against Appellant was an accomplice whose testimony had to be corroborated, deprived Appellant of a fair trial." Dkt. # 13, Ex. 1 at 7. In his direct brief argument Petitioner argued that Erica Eaton was an accomplice. It is less clear whether Petitioner was claiming that Chauncy Minor and his brother, Christopher Minor, were accomplices, or whether he was arguing that their testimony did not corroborate Ms. Eaton's testimony. Id. at 9-10. As noted by Petitioner in his reply brief in the instant case, the OCCA only addressed the issue with respect to Erica Eaton.

accomplice instruction. Now, Petitioner argues that his appellate counsel was ineffective for raising the accomplice issue because it conflicted with Petitioner's alibi defense and resulted in a "concession of guilt."

On direct appeal, Petitioner's attorney argued that the testimony of the State's star witness, Erica Eaton, was not corroborated as it should have been because she was an accomplice to the crimes (Dkt. # 13, Ex. 1 at 9). To support his argument that the trial court should have required corroboration, appellate counsel stated that Petitioner's mother and father both testified that Petitioner was at home at the time Ms. Eaton said the shooting occurred. Id. at 10. Petitioner has failed to demonstrate how this created a conflict of interest giving rise to constitutionally ineffective representation by appellate counsel. This claim is wholly without merit. There was no conflict created in appellate counsel's argument, his representation was not deficient under the Strickland standard, and Petitioner is not entitled to habeas relief on this ground.

> d)      *Rule 3.11 motion seeking evidentiary hearing*

Lastly, Petitioner claims his appellate counsel failed to file a Rule 3.11 motion seeking an evidentiary hearing to develop the factual basis of his ineffective assistance of trial counsel claims. The OCCA noted in its order affirming denial of post-conviction appeal that Petitioner did not demonstrate "that there was a factual basis in the record for raising Petitioner's current issues on appeal." See Dkt. # 13, Ex. 7 at 3. Under Rule 3.11(B)(3)(b) of the *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, chapter 18 (1999), a defendant may request an evidentiary hearing when alleging on direct appeal that trial counsel was ineffective for certain reasons. Wilson v. Sirmons, 549 F.3d 1267, 1268 (10th Cir. 2008). According to the rule, the defendant must provide affidavits setting out the items alleged to constitute ineffective assistance. This Court has previously

determined that the ineffective assistance of trial counsel claims omitted by appellate counsel on direct appeal were without merit. Nothing in the record or in Petitioner's habeas proceeding provides a hint of what evidence, if any, Petitioner believes could have been introduced in a Rule 3.11 hearing in support of his ineffective assistance of trial counsel claims. He simply argues that the evidence supporting his claims included evidence not in the appellate record and unavailable for the appellate court's review (Dkt. # 15 at 9). Without additional supporting information, the Court cannot find that appellate counsel was constitutionally ineffective for failing to request a Rule 3.11 evidentiary hearing. Petitioner is not entitled to habeas relief on this ground.

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

**DATED** this 23rd day of March, 2009.

James H. Payne
United States District Judge
Northern District of Oklahoma

14