IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROCKLAND D. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 04-CV-724-JHP-PJC |
| | ) |
| MARTY SIRMONS, | ) |
| | ) |
| Respondent. | ) |

**<u>ORDER</u>**

On September 2, 2009, Petitioner, a state inmate appearing *pro se*, filed a notice of appeal (Dkt. # 20). He appeals the Court's Opinion and Order, filed March 23, 2009 (Dkt. # 18), denying his petition for writ of habeas corpus. The Court entered Judgment in favor of Respondent on March 23, 2009 (Dkt. # 19).

A review of the record reveals that after being directed to either pay the filing fee or file a motion to proceed *in forma pauperis*, Petitioner paid the $5.00 filing fee to commence this habeas corpus action. Before this appeal may proceed, therefore, Petitioner must either pay in full the $455.00 appellate filing fee or file a motion to proceed on appeal *in forma pauperis*. Petitioner should cure this deficiency within thirty (30) days of the entry of this Order.

Pursuant to 28 U.S.C. § 2253, a petitioner is required to obtain a certificate of appealability before appealing a final order in a habeas corpus proceeding. Section 2253(c) instructs that the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions

deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In light of the record in this case, the Court concludes that a certificate of appealability should not issue as petitioner's eligibility for habeas relief would not be debatable by reasonable jurists. Nothing suggests that the Tenth Circuit would find that this Court's application of the deference to the decision by the Oklahoma court required by the AEDPA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within thirty (30) days of the entry of this Order, or by October 5, 2009, Petitioner must either pay in full the $455.00 filing fee or file a motion to proceed on appeal *in forma pauperis*.

2. The Clerk is directed to mail to Petitioner a blank motion for leave to proceed *in forma pauperis* (form AO-240), marked Case No. 04-CV-724-JHP-PJC.

3. A certificate of appealability is **denied**.

4. The Clerk is directed to send a copy of this Order to the Tenth Circuit Court of Appeals.

DATED THIS 4th day of September 2009.

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma

2